IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUMMER L. RIFENBURG | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-6791 |
| | : | |
| BRUCE W. JENNINGS, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **September 29, 2026**

Plaintiff Summer Rifenburg, proceeding *pro se*, brings this action challenging her arrest in June 2023, for which the state criminal prosecution remains pending. Rifenburg names five Defendants, four of whom have filed motions to dismiss for failure to state a claim (ECF Nos. 7, 8, 10, 22). Rifenburg has opposed these motions and moved for default judgment (ECF Nos. 9, 13, 16–20, 23–28). For the reasons that follow, Rifenburg's Complaint is dismissed without prejudice.

**FACTUAL ALLEGATIONS**[1]

Rifenburg alleges her constitutional rights were violated on June 28, 2023, when she was arrested because her "brother in law [sic] filed fraudulent charges against [her]." Compl. 4, ECF No. 1. The publicly available docket for the proceeding shows that she was criminally charged in the Philadelphia Court of Common Pleas for falsifying a deed for property, and that the proceedings are unresolved. *See Commonwealth v. Rifenburg*; CP-51-CR-6448-2023 (C.P. Philadelphia). Two months after her arrest, Rifenburg was released on $2,500 bail. *Id.*

In this civil rights action, Rifenburg alleges violations of her constitutional rights under the Fourth, Sixth, and Fourteenth Amendments of the Constitution. Compl. 4, ECF No. 1. The five

[1] The following allegations are drawn from the Complaint (ECF No. 1) and public records, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

defendants are not identified clearly, but it appears that Bruce Jennings is Rifenburg's brother-in-law and the criminal complainant; Ryan Howell is the detective who led the investigation; Alexander Blumenthal is the Assistant District Attorney prosecuting the criminal case; and Ronald Jefferson and Kim Montgomery are two lay witnesses who testified at the preliminary hearing against her. Transcript of Preliminary Hearing at 4, 5, 13, 51, 61, *Commonwealth v. Rifenburg*, MC-51-CR-0011608-2023; *see* Blumenthal Mot. Dismiss, ECF No. 22, Ex. 1. In addition to the fraudulent charges Bruce Jennings allegedly filed against her, Rifenburg contends that ADA Blumenthal "kept continuing" the case, thereby "violating [her] rights to a speedy trial." Compl. 4, ECF No. 1. As relief, she asks for her "charges [to be] dropped" and for the return of her $2,500 bond.[2] *Id.* at 5.

**STANDARD OF REVIEW**

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Courts assume the truth of factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Fantone v. Latini*, 780 F.3d 184, 186 (3d Cir. 2015). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Pro se filings must be construed "liberally." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). A complaint filed

---

[2] Rifenburg also asks for Defendants to be prosecuted and "held accountable," but it is axiomatic that private-citizen plaintiffs may not seek as relief an order directing the criminal prosecution of third parties. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, Rifenburg is not entitled to such relief.

by a pro se plaintiff, "however inartfully pleaded," is held to "less stringent standards than formal pleadings drafted by lawyers." *Fantone*, 780 F.3d at 193 (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Federal courts will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). Nevertheless, pro se litigants must comply with *Iqbal*'s pleading standards and allege "sufficient facts in their complaints to support a claim." *Id*. (quoting *Mala*, 704 F.3d at 245).

**DISCUSSION**

Rifenburg necessarily relies on 42 U.S.C. § 1983, which allows private parties to sue in federal court for violation of their federally protected rights. To establish a § 1983 claim, "a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

As an initial matter, with respect to Defendants Bruce Jennings, Kim Montgomery, and Ronald Jefferson, all of whom are private citizens, Rifenburg has failed to state a claim because none of these Defendants "acted under color of state law" within the meaning of § 1983.[3] The Court understands Jennings, Montgomery, and Jefferson to be individuals who either complained to police or served as witnesses in the criminal proceedings against her. But "the filing of a private

---

[3] 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

criminal complaint is not sufficient to establish that a private individual is a state actor for § 1983 purposes." *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F. Supp. 2d 672, 699 (W.D. Pa. 2009) (citing *Erb v. Judge*, No. 94-2124, 1994 WL 523209, at * 2 (E.D. Pa. Sept. 23, 1994), *aff'd* 60 F.3d 814 (3d Cir. 1995)). Similarly, "[p]articipation in the related police investigation…does not render a private person a state actor for purposes of § 1983." *Jennings v. Jennings*, No. 24-6872, 2025 WL 345082, at *2 (E.D. Pa. Jan. 30, 2025) (collecting cases). Because Jennings, Montgomery, and Jefferson are not state actors simply by filing charges or testifying as part of a criminal prosecution, Rifenburg's efforts to bring § 1983 claims against them fail. Accordingly, the private-citizen Defendants, including Jefferson who did not respond to the Complaint, will be dismissed. *See Itiowe v. Trentonian*, 620 Fed. Appx. 65, 67, n.2 (3d Cir. 2015) (affirming district court's sua sponte dismissal where plaintiff alleged civil rights claims against "non-state actors who have not been plausibly alleged to have acted under the color of state law"); *see also Bethea v. Nation of Islam*, 248 Fed. Appx. 331, 333 ("although disfavored, a sua sponte dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile").

As for Defendant Blumenthal, he is a state actor for purposes of § 1983, but he is entitled to absolute immunity from claims for damages, and *Younger* abstention precludes Rifenburg's claims for injunctive relief.

Prosecutors are absolutely immune from damages for actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Roberts v. Lau*, 90 F.4th 618, 624-25 (3d Cir. 2024). The conduct that forms the basis for Rifenburg's claim against Blumenthal—seeking continuances of her case—was performed

directly as part of the judicial process. Therefore, Rifenburg's damages claims against Blumenthal should be dismissed.

Furthermore, to the extent Rifenburg sues Blumenthal for injunctive relief, any injunctive claims against him are subject to *Younger* abstention.[4] "[A]bsent extraordinary circumstances, a federal court cannot enjoin an ongoing state-court criminal proceeding." *Borowski v. Kean University*, 68 F.4th 844, 849 (3d Cir. 2023) (citing *Younger v. Harris*, 401 U.S. 37, 41, 45 (1971)). In determining whether *Younger* abstention is appropriate, courts consider the so-called *Middlesex* factors: whether "(1) there are ongoing judicial proceedings; (2) those proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceeding to raise federal challenges." *Hartmann v. Chudzik*, No. 25-2762, 2026 WL 2971863, at *3 (3d Cir. Sept. 24, 2026) (citation modified) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

All *Middlesex* factors counsel in favor of abstention. First, as the public docket reflects, the criminal case against Rifenburg is ongoing. Second, her criminal case implicates the Commonwealth of Pennsylvania's interest in prosecuting deed fraud and enforcing its criminal laws. Third, the ongoing criminal prosecution provides an opportunity for Rifenburg to argue that the charges should be dismissed because her arrest violated her Fourth Amendment rights. Whether Rifenburg has attempted to bring these claims in state court is unclear, but the Supreme Court has held that "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*,

---

[4] Abstention may be raised by the Court sua sponte. *Hartmann v. Chudzik*, No. 25-2762, 2026 WL 2871863, at *2, n.3 (3d Cir. Sept. 24, 2026).

481 U.S. 1, 15 (1987). Because Rifenburg's criminal charges remain pending, the Court must abstain under *Younger* from considering her § 1983 claims for injunctive relief.[5]

Finally, Detective Howell raises two issues in his motion to dismiss. He argues that Rifenburg fails to plead sufficient factual allegations against him, and further, that the statute of limitations bars her claim for false arrest. *See* Howell Mot. Dismiss 4-5, ECF No. 10. Both arguments are convincing.

To establish a § 1983 claim, the plaintiff "must aver facts to show the defendants' personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* Here, even under the relaxed pleading standard for *pro se* litigants, Rifenburg fails to state a plausible claim against Detective Howell. Rifenburg never pleads how Detective Howell was personally involved in the violation of her constitutional rights. While she alleged that Bruce Jennings filed fraudulent charges, and Blumenthal repeatedly continued her criminal case, none of the statements in her Complaint pertain to Detective Howell; his name appears only in the case caption and list of named defendants. As a result, Rifenburg has failed to state a clam upon which relief can be granted.

Rifenburg's false arrest claim is also time-barred. § 1983 claims are subject to state statute of limitations governing personal injury actions. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220

---

[5] *Younger* abstention may be inappropriate if irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a "showing of bad faith, harassment, or …other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 45, 53-54. The Court finds no indication that any of these narrowly-construed exceptions apply.

(3d Cir. 2003). The applicable Pennsylvania statute of limitations here is two years. 42 Pa. Cons. Stat. § 5524(1); *see also Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Federal law governs the date on which a claim begins to accrue, and under federal law, a claim for false arrest accrues on the date of arrest. *Hunt v. Gorman*, 768 F. Supp. 3d 700, 702-03 (E.D. Pa. 2025); *see also Rose v. Bartle*, 871 F.2d 331, 350-52 (3d Cir. 1989). Rifenburg was arrested on June 28, 2023, and this lawsuit was filed on December 2, 2025. Because the statute of limitations concerning the false arrest claim has passed, Howell's motion to dismiss is granted.

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motions to dismiss and sua sponte dismisses Defendant Ronald Jefferson. Rifenburg's pending motions are denied as moot. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.